# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PETER SCHNEIDERBAUER,
            Appellant,

            v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
SF-0752-13-4228-I-1[1]

DATE: June 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Peter Schneiderbauer, Port Hueneme, California, pro se.

Matthew D. Dunand, Esquire, and Steven L. Seaton, Esquire, Bremerton, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a)(2), this appeal was part of a consolidation, *NV24-California v. Department of the Navy*, MSPB Docket No. SF-0752-14-0306-I-1, Consolidated Appeal File (CAF). The appellant and one additional employee have filed individual petitions for review of the initial decision. Only the arguments raised by the instant appellant will be considered herein.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant serves as an electronics engineer at the agency's Naval Surface Warfare Center, Port Hueneme Division (NSWC-PHD).  Initial Appeal File (IAF), Tab 2 at 4; *see* CAF, Tab 19, Initial Decision (ID) at 13 (citing the Hearing Compact Disc (HCD)).  The agency proposed to furlough the appellant for no more than 11 days due to the budget constraints following the President's March 1, 2013 sequestration order.  IAF, Tab 1 at 8-10.  After providing an oral reply to the deciding official, the agency imposed the furlough action, which was subsequently reduced by the Secretary of Defense to no more than 6 days.  *Id*. at 11-12 (decision letter); *see* CAF, Tab 2, Furlough Processing Order (incorporating by reference the agency's administrative record found on the Board's website); Department of the Navy Administrative Record for Fiscal Year

2013 Furlough Appeals (Administrative Record), Tab 3, available at http://www.mspb.gov/furloughappeals/navy2013.htm.

¶3      The appellant filed an appeal of the agency's furlough action, which was consolidated with several other appeals, and he requested a hearing. CAF, Tabs 1, 2; IAF, Tab 1 at 2. The administrative judge held the requested hearing, received closing submissions from several employees, including the instant appellant, and issued an initial decision sustaining the agency's furlough action. ID at 13-16, 30; IAF, Tab 5 (appellant's closing brief). In her initial decision, the administrative judge found that the agency established cause for taking the furlough action based on the budget shortfall resulting from the March 1, 2013 sequester order, and that the agency's furlough action promoted the efficiency of the service. ID at 5-13.

¶4      The administrative judge also addressed the specific arguments raised by the appellant concerning the manner in which the agency implemented his furlough. Specifically, she considered and rejected the appellant's argument that he was required to work more than 32 hours each week during the furlough period without compensation.[3] ID at 13-16. In his appeal, the appellant alleged that he was scheduled to attend a 10-week training, which overlapped with part of his furlough period, and that he was required to study and perform assignments on evenings and weekends as part of the training. ID at 13 (citing the HCD). The agency extended the training course to 12 weeks to accommodate the appellant's reduced schedule as a result of the furlough. *See id*. The appellant alleged, however, that he should have been paid overtime for the time he was required to study and perform assignments on evenings and weekends. ID at 14 (citing the HCD). The agency denied his requests for overtime and to alter the course schedule, noting that overtime had not been authorized for other employees who had previously taken the course, and that the course was structured to allow for

_____

[3] The agency implemented the appellant's furlough by reducing his work hours from 40 to 32 hours each week. ID at 13 (citing the HCD).

time to complete assignments during the workday while attending the training. *See id.*

¶5 In her initial decision, the administrative judge found that the Board does not have jurisdiction over the appellant's claim involving a denial of overtime, and she further found that, to the extent the appellant alleged that other employees received overtime during the furlough period, those requests were of a different nature than the appellant's and that they met the agency's mission-critical standard for approving overtime during sequestration. ID at 16. The administrative judge thus concluded that the agency implemented the appellant's furlough in a fair and even manner. ID at 15-16.

¶6 The appellant has filed a petition for review only challenging the administrative judge's finding that the agency implemented the furlough in a fair and even manner when it denied his requests for overtime.[4] Petition for Review (PFR) File, Tab 1. On review, the appellant argues that the administrative judge erred in her factual conclusions that the course work for the training could be completed during the workday and that he failed to specifically document the amount of time he spent working on assignments on evenings and weekends. *See id.* at 4-5. The appellant also argues that his training was unique because no other training required employees to study and complete assignments on their own time, and that the administrative judge therefore erred in concluding that he failed to prove that similar overtime requests were granted during the furlough period while his was denied. *Id.* at 6-7. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3, 4.

¶7 The Board has found that an agency meets its burden of proving a furlough promotes the efficiency of the service by showing, in general, that the furlough

---

[4] On review, the appellant also frames the issue as a denial of wage compensation based on his assertion that he was required to work in excess of 32 hours each week during the furlough period. *See, e.g.*, Petition for Review File, Tab 4 at 6 ("[The] [a]gency in effect directed after-hours work without providing just compensation.").

was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). In *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 14 (2013), the Board held that an agency's decision to award certain employees overtime may be relevant to whether the agency applied the furlough uniformly and consistently. Under *Chandler*, the Board will consider whether an agency used overtime payments to relieve certain employees, but not others, of the financial consequences of the furlough, and such evidence may be sufficient to show that the furlough did not meet the efficiency of the service standard. *Id.*

¶8        Upon review of the initial decision and the arguments advanced by the appellant on petition for review, we agree with the administrative judge that the agency implemented the furlough in a fair and even manner, and that the agency did not contravene this principle by denying the appellant's requests for overtime. ID at 13-16. The record reflects that the agency restructured the training course to account for the fact that the appellant was limited to working 4 days per week during the furlough period, and we agree with the administrative judge that the agency presented credible evidence that it had not previously granted overtime requests for employees taking the course, and that the appellant's request for overtime did not comply with the agency's guidance for the approval of overtime during the sequester. ID at 13-15; *see* Administrative Record, Tab 8. Although the appellant challenges the administrative judge's factual findings on review, he has neither presented evidence contradicting these findings nor identified evidence in the record below supporting his assertions. *See generally* PFR File, Tab 1; *see also Taylor v. U.S. Postal Service*, 23 M.S.P.R. 48, 50 (1984) (mere disagreement with an administrative judge's factual and credibility determinations does not establish a basis for granting a petition for review). We thus fully concur with the administrative judge that there is no evidence in the

record that the agency's denial of overtime was directed at the appellant or that the overtime denial demonstrates that the agency did not apply the furlough uniformly and consistently. *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶¶ 12-13 (2014). We further find that the agency's decision to grant overtime under limited circumstances, which did not include the appellant's requests, is a spending matter within the agency's sound discretion and does not present a valid basis for challenging the furlough before the Board. *See id*., ¶ 12.

¶9        Additionally, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's challenges to the denial of his overtime requests and his alleged denial of compensation for hours worked in excess of 32 hours per week. *See, e.g.*, *Liebeck v. Department of Veterans Affairs*, 77 M.S.P.R. 696, 698 (1998). Both the U.S. Court of Appeals for the Federal Circuit and the Board have held that the loss or reduction of premium pay, such as overtime, through means within the agency's discretion and not otherwise appealable to the Board, is not within the Board's jurisdiction under chapter 75. *Id*.; *see Strickland v. Veterans Administration*, 5 M.S.P.R. 526, 528 (1981). A reduction in pay under chapter 75, moreover, only occurs when "the rate of basic pay fixed by law or administrative action for the positon held by an employee" decreases; such an action would therefore not encompass the appellant's claim that he worked in excess of 32 hours per week during the furlough without receiving compensation. *Id*. (citing 5 U.S.C. § 7511(a)(4)); PFR File, Tab 4 at 6. Although the Board will consider the manner in which an agency awards overtime in connection with an employee's appeal of a furlough, as noted above, we find no reason to conclude that the appellant's denial of overtime was directed at him. *See Chandler*, 120 M.S.P.R. 163, ¶ 14. We therefore conclude that the appellant's challenges to the denial of overtime and the lack of compensation for hours allegedly worked are not otherwise appealable actions to the Board under chapter 75. *See Liebeck*, 77 M.S.P.R. at 698; *see also Johnson v. U.S. Postal Service*, 67

M.S.P.R. 573, 577 (1995) (the Board's jurisdiction is limited by statute and does not cover all matters alleged to be unfair or unlawful in federal employment).

¶10     Finally, although the appellant has not challenged any of the administrative judge's other findings concerning the agency's furlough action, we have reviewed the remainder of the initial decision insofar as it applies to the appellant and we agree that the agency established cause for taking the furlough action and that the furlough action promotes the efficiency of the service.  *See Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶¶ 15-16 (2014).   The administrative judge's initial decision sustaining the furlough action is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.